**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

COREY STEVENSON                                                                                          PLAINTIFF

v.                                          5:16CV00259-BSM-JJV

DARNELLE BROWN, Deputy,
Dub Brassell Detention Center                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Corey Stevenson ("Plaintiff") is incarcerated at the W.C. "Dub" Brassell Adult Detention Center in Pine Bluff, Arkansas, and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He alleges the Defendant violated his civil rights by (1) using profanity-laced insults against him; (2) making verbal threats of physical violence toward him; and (3) throwing away his personal mail. (Doc. No. 2 at 4.) Defendant has moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies against him. (Doc. No. 10.) Plaintiff has not responded and the deadline for doing so has passed.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in

accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by the Jefferson County Sheriff Detainee Grievance Procedure. (Doc. No. 11-2.) An inmate who believes he has been wronged "shall have the opportunity to present written grievances without punishment." (*Id.* at 1.) Inmates must "clearly describe all facts and all requests" in their grievance. (*Id.*) If the inmate is unsatisfied with the response of the grievance procedure, he may appeal to the Sheriff. (*Id.* at 2.)

Defendant argues that Plaintiff failed to exhaust his administrative remedies by filing no grievances related to his alleged claims, nor was he excused from having to file such grievances. (Doc. No. 11 at 3.) Defendant states Plaintiff was made aware of the Dub Brassell grievance procedure upon his book-in at the facility. (*Id.*) In support of this claim, Defendant has provided the affidavit of Chief Deputy Greg Bolin. Chief Bolin states that all inmates are given a copy of the grievance procedures at book-in. (Doc. No.11-1 at 1.) Chief Bolin's review of Plaintiff's record revealed that during the time in question, he did not file a grievance regarding his allegations. (*Id.* at 1-2.)

Plaintiff states in his Complaint that he did, in fact, file grievances and did

4

"completely exhaust the grievance(s)" before filing suit. (Doc. No. 2 at 3.) But he has provided no support for this claim. Therefore, he has failed to rebut Defendant's contention with evidence or substantive argument in support of his position. Such denials are insufficient at the summary judgment stage. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).

Without more, I find that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. If Plaintiff has any evidence that his claims against Defendant Brown were exhausted, he should include it with his objections to this recommendation.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 10) be GRANTED.

2. Plaintiff's Complaint be DISMISSED without prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE